**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **LESLIE EARL VOLLMER, # 1621266** § | |
| Petitioner, § | |
| § | |
| v. § | 3:13-CV-0948-P-BK |
| § | |
| **WILLIAM STEPHENS, Director,** § | |
| **TDCJ-CID,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner entered a nolo contendere plea to Indecency with a Child under 17 by Contact, and following a trial to the court and subsequent plea of true to the enhancement paragraph, was sentenced to twenty years' imprisonment. *State v. Vollmer*, No. F07-73954 (Criminal District Court No. 1, Dallas County, Nov. 23, 2009), *aff'd* No. 05-10-00081-CR (Tex. App. – Dallas Aug. 21, 2011, pet. ref'd). The Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Vollmer*, No. WR-78,604-02 (Tex. Crim. App. Feb. 6, 2013) (denying without written order on findings of trial court) (Doc. 11-41 at 2). In this timely federal petition, Petitioner alleges the trial court failed to properly admonish him, trial and appellate counsel rendered ineffective assistance, the State withheld evidence in violation of *Brady v. Maryland*,

and he is actually innocent. (Doc. 3 at 6-7). Respondent argues the petition lacks merit and Petitioner has filed a reply.[1] (Doc. 12, 14).

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 788 (2011); Woodford, 537 U.S. at 24 (citation and internal quotation marks omitted).

Failure to Properly Admonish (Claim 1)

Petitioner claims the trial judge failed to properly admonish him regarding his no contest plea. (Doc. 3 at 6). He asserts the judge did not inquire whether the plea was voluntary or coerced, never inquired of Petitioner directly regarding his plea, and directed most of the questions to defense counsel. *Id.* Petitioner also claims the judge erred in advising him that he was eligible for probation. *Id.* In his reply, Petitioner reiterates that the judge did not inquire if his plea was coerced by threats or promises, and states that he was "unaware of the consequences of his plea," which he claims was "in effect a guilty plea." (Doc. 14 at 13-14).

---

[1] Petitioner's 34-page reply (Doc. 14) exceeds the ten-page limit for replies set out in Local Civil Rule 7.2(c). For the sake of expediency, however, the Court has not unfiled the reply.

The state habeas judge (who was also the state trial judge) rejected Petitioner's contentions, finding:

> Applicant waived a jury and entered a plea of "no contest." There was no plea bargain agreement for any particular result or sentence.
>
> [A]lthough Applicant was not eligible to receive "regular probation" from the court, he was eligible to receive "deferred adjudication probation" from the court. Tex. Code Crim. Proc. Art. 42.12 §§ 3G(1)(C), 5. Applicant was not eligible to receive probation from a jury because of a prior felony conviction. Tex. Code Crim. Proc. Art. 42.12 § 4.
>
> Applicant was orally admonished by the trial court on the proper range of punishment applicable to his offense on at least two occasions. This admonishment also contained a proper statement of Applicant's probation eligibility, whether he elected to be sentenced by the court or a jury. Applicant was also properly admonished by the court on his waiver of a jury. Applicant signed a written jury waiver and this waiver was accepted on the record by the trial court.
>
> Therefore . . . Applicant was properly admonished on his plea and the consequences of that plea.
>
> Applicant has not shown that he was not aware of the consequences of his plea or that he was mislead [sic] or harmed by the admonishment of the court.

(Doc. 11-41 at 62-63). Petitioner has not shown that the state court's decision rejecting his claims was an unreasonable application of clearly established federal law. Thus, his claims fail.

As an initial matter, in state court, an attorney may enter a nolo contendere plea on behalf of her client if the client is present and the plea is voluntary. *Shields v. State*, 608 S.W.2d 924, 927 (Tex. Crim. App. 1980). Here, the record reflects the trial judge specifically advised Petitioner regarding the consequences of (1) entering a guilty plea with or without a plea bargain, (2) entering a not guilty plea and proceeding to jury trial with assessment of punishment by the jury or the court, or (3) entering a no contest plea without admitting guilt and putting the State to its burden of proving guilt beyond a reasonable doubt at a non-jury trial. 2 RR 5-7; 3 RR 5-6; 5

RR at 4.  The court also advised Petitioner of the full range of punishment, as well as the availability of probation, under each of these options.  2 RR 5-6.

Petitioner initially elected to proceed to a jury trial, with punishment being assessed by the court.  2 RR 7; 3 RR 7, 9-10.  However, the following morning, prior to the start of voir dire, the court was informed that Petitioner wanted to waive his right to jury trial:

> THE COURT: Yesterday I talked to you about your different choices and you told me at that time you wanted a jury trial and that if the jury found you guilty you wanted me to set punishment?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I know you've been talking to your lawyer and she tells me now that you want to waive or give up your right to a jury trial and have me hear the evidence and do away with the jury; is that correct?
>
> THE DEFENDANT: Yes, sir.

3 RR 4.  Then, after again being admonished of the charge and range of punishment, Petitioner voluntarily waived his right to a jury trial (orally and in writing as reflected in the record), and the trial judge assumed that he also wished to proceed with a no contest plea as was previously discussed.  2 RR 6; 3 RR at 5-6; Doc. 11-41 at 92.  The judge twice reiterated (at the waiver of jury trial hearing and before the non-jury trial) that Petitioner had not admitted guilt and, thus, the State would have the full burden of proof beyond a reasonable doubt at trial.  3 RR 6; 5 RR at 4.  Petitioner did not object or raise any question regarding his no contest plea or its voluntariness.  *Id.*

Moreover, in his case, Petitioner's no contest plea was merely a legal fiction, entered only to permit the Court to impose a probated sentence if the State established Petitioner's guilt at trial.  Thus, the sole "consequence" of a nolo contendere plea in this instance was to avail

Petitioner of the only avenue under Texas law by which he could possibly be sentenced to probation.

Defendants convicted under Texas Penal Code section 21.11 of Indecency with a Child under 14 years of age, may not be sentenced to community supervision (also referred to as probation) by judge or jury.  Vernon's Ann.Texas C.C.P. Art. 42.12 §§ 3g(a)(1)(C), 4(d)(5) and 5.  However,

> … when in the judge's opinion the best interest of society and the defendant will be served, the judge may, <u>after receiving a plea of guilty or plea of nolo contendere</u>, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

Vernon's Ann.Texas C.C.P. Art. 42.12 § 5(a) (emphasis added).  In this case, the trial judge explained the same to Petitioner:

> If you do a non-jury trial we often do them on what we call a no contest plea. That leaves me the option of probation, which you don't have with a jury on a trial.  If we go to a jury it's either guilty or not guilty.  If you go to a non-jury trial it's either not guilty, guilty or, if I think it's a probation case, I could defer a finding of guilt and place you on probation for up to ten years.

2 RR 6-7.  It is apparent from the record that Defendant was well aware that he could not persist in his plea of not guilty and also have the possibility of a probated (community supervision) sentence.

Contrary to Petitioner's assertion, his nolo contendere plea was <u>not</u> the equivalent of a guilty plea. (Doc. 14 at 13).  Despite pleading no contest to the indicted charge, Defendant did just that – contested the allegations therein.  The government was held to its burden of proving Petitioner's guilt beyond a reasonable doubt during a trial to the court, and presented evidence which included the testimony of the child victim, outcry witnesses, and investigators.  5 RR, *passim*; 6 RR 6-53.  Defense counsel challenged the State's evidence, including cross-

examining the State's witnesses and calling fact witnesses during Petitioner's case-in-chief. 5 RR, *passim*; 6 RR, *passim*. At the conclusion of the evidence, defense counsel argued that the court should find Petitioner no guilty or guilty only of a lesser-included offense of Indecent Exposure. 6 RR 125, 129. Ultimately, the trial court concluded the evidence proved Petitioner's guilt, but postponed actually finding Petitioner guilty pending the completion of a presentence report so that a sentence of deferred adjudication probation could remain an option. 6 RR 130.

Finally, in addition to the transcripts of the proceedings, the Judgment of Conviction recites that the Court "admonished Defendant as required by law . . . [and] that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." (Doc. 11-41 at 94-95). These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran,* 302 F.3d 279, 283-284 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

The record clearly shows that Petitioner's no contest plea was knowing and voluntary, and he has offered no proof to the contrary. Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Accordingly, this claim fails.

Ineffective Assistance of Trial Counsel (Claim 2)

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S. Ct. 770, 785 (2011).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner asserts that his trial attorney (a) entered a no contest plea without him knowing what it meant; (b) failed to investigate the enhancement paragraph; (c) advised him to waive a jury trial because he could only get probation from a judge; (d) failed to investigate his case; and (e) failed to make proper objections. (Doc. 3 at 6).

The state habeas court rejected each of Petitioner's assertions on the basis of counsel's affidavit, which it found credible.

> The Court finds Applicant's plea of "no contest" was not made without his consent. The Court finds that Applicant's plea was made freely and voluntarily after being advised of the consequences of said plea.
>
> Applicant also alleges that his enhancement paragraph was improper because it was too remote, and it was a state jail felony, and thus, not available for enhancement.
>
> The Court finds that Applicant's enhancement paragraph alleged a prior conviction for Unauthorized Use of a Motor Vehicle (UUMV). The date of the offense was June 21, 1994. At that time, UUMV was a third degree felony. It did not become a state jail felony until Sept. 1, 1994.
>
> * * *
>
> The Court finds that Ms. DeMasi [defense counsel] was not ineffective for failing to investigate the enhancement paragraph.
>
> Applicant also alleges that trial counsel was ineffective for advising him to waive a jury because only the trial court could give Applicant probation.
>
> Applicant was only eligible to receive deferred adjudication from the trial court on a plea of guilty or "no contest."
>
> The Court finds that Counsel's advice was correct and she was not ineffective in giving it.
>
> Applicant claims that trial counsel was ineffective for failing to investigate the facts of the case.
>
> Ms. DeMasi states that she did investigate the facts of the case. She interviewed and presented an alibi witness for Applicant.
>
> Applicant has not established what further investigation he thinks was necessary or what it would have revealed.
>
> The Court finds that Ms. DeMasi did properly investigate Applicant's case.
>
> Applicant also alleges that Ms. DeMasi was ineffective for "failing to make proper objections."

> The Court finds that Applicant has not alleged what objections he thinks should have been made, or how those objections would have caused the result of his proceeding to be different.

(Doc. 11-41 at 65-66).

Petitioner has not shown that counsel's performance was deficient and that it prejudiced him. He offers only his conclusory, self-serving assertions that counsel "entered a no contest plea without [Petitioner] knowing what this meant," that counsel "changed [Petitioner's] plea and [that he] was not admonished of this." (Doc. 3 at 6). In his reply, Petitioner states that counsel entered the no contest plea without his consent and full understanding what the plea entailed. (Doc. 14 at 16). His assertions, however, are belied by the trial and habeas records, as addressed in detail in the preceding section. Moreover, Petitioner does not allege, much less establish, how counsel's performance prejudiced him. As noted previously, Petitioner waived his right to a jury trial and entered a no contest plea, without admission of guilt, to preserve his eligibility for deferred adjudication probation.

Petitioner's remaining claims also have no merit. Contrary to his assertions now (Doc. 14 at 21), Petitioner stipulated that he committed the UUMV offense, used for enhancement, on June 21, 1994. *See Ex parte Vollmer*, No. W95-72989-A at 51, 57-58 (for copy of the indictment, stipulation of evidence, and judgment).[2] Also, while Petitioner was ineligible for "straight probation," defense counsel and the trial judge properly advised him that he was eligible (if deemed appropriate at sentencing) to deferred adjudication probation on either an open guilty plea or a plea of no contest to the court.

---

[2] The electronic record of the state habeas application challenging the UUMV conviction is available on the Dallas County website.

Moreover, Petitioner's assertion that counsel failed to investigate (Doc. 3 at 6) is unsupported and conclusory.  See Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial"). The petition does not show what further investigation should have been done.  And even when the arguments that Petitioner raises for the first time in his reply are considered -- that counsel did not conduct any pre-trial investigation or interview unidentified, potential witnesses (Doc. 14 at 23-25) -- Petitioner has not shown prejudice.  See Lockett, 230 F.3d at 713; see also Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002) (quoting Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985)) ("'To demonstrate the requisite Strickland prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified at trial.'")).

Lastly, Petitioner fails to present a basis for any other objection counsel could have asserted.  See Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983) (mere conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding). Thus, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel.  The state court's denial of relief on this ground was a reasonable application of federal law.  Accordingly, his second claim also lacks merit.

<u>Ineffective Assistance of Appellate Counsel</u> (Claim 3)

Next, Petitioner asserts appellate counsel rendered ineffective assistance when he "raised the wrong admonishment [issue] on appeal" (regarding deportation consequences of his plea) instead of arguing that Petitioner "didn't make the plea" and thus that it "wouldn't be voluntary."

(Doc. 3 at 11). Petitioner also claims that appellate counsel "did not listen to any of [his] concerns and what [he] told him to bring up on appeal." *Id.*

The state habeas court rejected this claim, concluding:

> Applicant was represented on appeal by Gary Udashen. Mr. Udashen filed a brief raising three issues which were all addressed on the merits by the appellate court. Mr. Udashen also filed a reply brief further addressing one of these issues.
>
> Applicant appears to suggest that Mr. Udashen should have raised the issue that Applicant was not properly admonished on his plea of "no contest" and jury waiver. However, as previously noted, Applicant was properly admonished and such an issue would not have been successful on appeal.

(Doc. 11-41 at 66-67).

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland v. Washington* standard in evaluating the ineffective assistance of appellate counsel). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

Here, as noted above, the no-contest-plea-admonishment issue had no merit. Petitioner entered a knowing and voluntary no contest plea without admitting guilt, hoping that if the State met its burden of proof, the judge would nonetheless defer the adjudication of guilt and place Petitioner on probation. Consequently, appellate counsel was not deficient in failing to challenge his plea and the court's admonishment on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim."). Because Petitioner cannot demonstrate the state court's decision rejecting his ineffectiveness claim was unreasonable, his claim fails.

*Brady* Violation (Claim 4)

Petitioner asserts the State "withheld evidence in the form of the hard drive from our house computer, that shows the exact times the computer was being used and by whom." (Doc. 3 at 7).  The state habeas court denied the claim, finding:

> Applicant contends that the State withheld a computer hard-drive which was seized as part of the investigation in this case.  Applicant appears to argue that this hard-drive would have shown that the complainant was on the computer at important times, and therefore, there was a limited window of opportunity for this offense to have occurred.
>
> The Court finds that Applicant fails to show that this hard-drive would have shown what Applicant asserts.
>
> The Court finds that even if the hard-drive would show what Applicant claims, this evidence is not material. There is no reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different.
>
> The Court finds that Applicant has not shown that this evidence was exculpatory.

(Doc. 11-41 at 67-68).

The state court's decision rejecting these grounds was not an unreasonable application of clearly established federal law.  Petitioner fails to establish that the prosecutor suppressed evidence that was favorable and material to his defense.  *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (to establish a *Brady* violation, a petitioner must prove (1) the prosecutor suppressed or withheld evidence (2) that was favorable and (3) material to his guilt or punishment).  He does not dispute that defense counsel knew of the hard-drive, and notes that the State's detectives had inspected the hard-drive for child pornography.  (Doc. 14 at 28).  In addition, Petitioner fails to explain how the evidence was favorable to him, either because it was exculpatory or impeaching. *See Pitonyak v. Stephens*, 732 F.3d 525, 532 (5th Cir. 2013).  In his reply, he only states the hard-drive would "show[] exactly who was on the computer, what time and what was being done

on" it, and that "it was relevant to show this crime could not have happen[ed]." (Doc. 14 at 28).

Accordingly, Petitioner's fourth claim is unavailing.

### Actual Innocence (Claim 3)

Lastly, Petitioner asserts he is actually innocent of the underlying crime, indecency with a child. Actual innocence, however, is not cognizable as a freestanding federal habeas claim. Reed v. Stephens, --- F.3d ---, 2014 WL 103648 *7 (5th Cir. 2014) (summarizing circuit precedent precluding freestanding actual innocence claim) (citing *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006)); *see also* *Cantu v. Thaler*, 632 F.3d 157, 167-68 (5th Cir. 2011) (reaffirming refusal to recognize freestanding actual innocence claim in section 2254 proceedings). Nevertheless, the state habeas court rejected Petitioner's claim, concluding:

> According to Applicant, this newly discovered evidence consists of some letters and notes apparently written by the complainant and her sister.
>
> Applicant has not alleged when this newly discovered evidence was discovered. Applicant does not produce a copy of these notes or letters.
>
> [T]hese notes only establish that the complainant and her sister did not like Applicant. They do not establish that Applicant is innocent.
>
> [T]here was trial testimony from both the complainant and her mother that the complainant and her sister did not like Applicant. Thus, this "new evidence" is merely cumulative of evidence presented at trial.
>
> Applicant has not met his burden of proving by clear and convincing evidence that no reasonable juror would have convicted him in light of these notes and letters. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1997).

(Doc. 11-41 at 68-69).

The state court's determination was neither contrary to, nor involved an unreasonable application, of clearly established federal law. In his federal petition, Petitioner references notes written by the victim and her sister (paraphrased in the memorandum in support of his state

Page **13** of **15**

habeas application, s*ee* Doc. 11-41 at 32-33), claiming they were "planning to get rid of" him. (Doc. 3 at 7). He also asserts that all evidence presented at trial "pointed away from" him and that only the victim's "testimony is available as evidence [from] the State." (Doc. 14 at 31). However, Petitioner has produced no "new, reliable evidence that was not presented at trial and show[n] that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001). Accordingly, this claim has no merit.

Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing "to show that his trial wasn't fair and that he is actual[ly] innocent of the charge." (Doc. 3 at 7). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED January 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE